# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**LORRIE HARRIS,**

    **Plaintiff,**

    **v.**             **CASE NO.  3:05CV363/RV**

**METROPOLITAN LIFE INSURANCE COMPANY,**

    **Defendant.**

_____/

## ORDER

Plaintiff, Lorrie Harris, brought suit in the Circuit Court for Santa Rosa County, Florida, against the Defendant, the Metropolitan Life Insurance Company ("MetLife"), for breach of contract and breach of fiduciary duty. The case was removed to this court on the basis of diversity jurisdiction on September 23, 2005. The Plaintiff has now filed a motion to remand to state court, arguing that the amount in controversy requirement is not satisfied. (Doc. 5).

**I.     DISCUSSION**

Title 28, United States Code, Section 1332 requires an amount in controversy of more than $75,000, exclusive of interest and costs, for all cases arising under diversity jurisdiction. This requirement must be met at the time the notice of removal is filed, though a court may consider evidence submitted after notice is filed if the evidence is relevant to conditions which existed at the time notice was filed.

Sierminski v. Transouth Financial Corp., 216 F.3d 945 (11th Cir. 2000). Where, as here, a plaintiff fails to specify the total amount of damages demanded, the removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Leonard v. Enterprise Rent a Car, 279 F.3d 967 (11th Cir. 2002).

Plaintiff is seeking back payments of long term disability benefits totaling $26,648.20. Plaintiff's complaint also seeks to recover based on future benefits and cost of living increases. However, it is well settled law in Florida that a plaintiff's right of action for benefits under an insurance policy is limited to benefits that have accrued at the time the suit is filed. Cruz v. Union General Insurance, 586 So.2d 91 (Fla. 3rd DCA 1991).

Plaintiff is also seeking an award of attorneys' fees under Section 627.428 of the Florida statutes, which provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court… shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). Defendant contends that the inclusion of a claim for attorneys' fees serves to make up the remaining $48,351.80 necessary to meet the required jurisdictional amount of $75,000.

Attorneys' fees are not normally considered a part of the amount in controversy because the successful party does not typically collect separate attorneys' fees. Department of Recreation v. World Boxing Association, 942 F.2d 84 (1st Cir. 1991). However, where a grant of attorneys' fees is specifically allowed by statute as an additional award, such fees are considered part of the amount in controversy for jurisdictional purposes. Missouri State Life Insurance v. Jones, 290

U.S. 199, 54 S. Ct. 133, 78 L. Ed. 267 (1933); Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000). In this case, if Plaintiff were to prevail, she would be entitled to an award of attorneys' fees under Section 627.428. The inclusion of such an award in the amount in controversy calculation is, therefore, appropriate.

Nevertheless, MetLife has not submitted sufficient evidence to show that the amount in controversy in this case is more likely than not to exceed $75,000. MetLife has cited to several disability insurance cases where the award of attorneys' fees under Section 627,428 alone exceeded $75,000.  See Malzer v. Provident Life and Accident Insurance, 843 F. Supp. 692 (M.D. Fla. 1993) (award of $96,000 prior to lodestar multiplier); Jones v. Minnesota Mutual Life Insurance, 759 So.2d 723 (Fla. 4th DCA 2000) (award of $76,843.50 prior to lodestar multiplier); Aetna Life Insurance v. Casalotti, 544 So.2d 242 (Fla. 3rd DCA 1989) (award of $441,500 prior to lodestar multiplier).  However, such fees appear to be atypical of disability cases where the claimed accrued amount is less than $27,000, and MetLife has not submitted any evidence that a reasonable award of attorneys' fees for this type of case exceeds $48,351.80. I am thus left only with speculation as to the possible amount of an award, which is insufficient for MetLife to meet its burden here. See, e.g., Vax-D Medical Technologies v. Evanston Insurance, 2005 WL 2675021 (M.D. Fla. 2005).

Finally, in addition to her claim for breach of contract, Plaintiff has alleged a cause of action for breach of fiduciary duty and is seeking "compensatory damages, consequential and incidental damages" based on MetLife's purported failure to reasonably construe its policy and make disability payments to the Plaintiff. However, MetLife has not presented any evidence as to what the potential damages on this claim might be.  Therefore, the defendant has not established by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000.

## II.   CONCLUSION

For the above reasons, Plaintiff's Motion for Remand (Doc. 5) is GRANTED, and the Clerk shall remand this case to the Circuit Court for Santa Rosa County, Florida.

DONE AND ORDERED this 2nd day of November, 2005.

>   */s/ Roger Vinson*
>   **ROGER VINSON**
>   **Senior United States District Judge**