# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**LORRIE HARRIS,**

    **Plaintiff,**

    **v.**                    **CASE NO.  3:05CV363/RV**

**METROPOLITAN LIFE INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

## ORDER

    Plaintiff, Lorrie Harris, filed this action in the Circuit Court for Santa Rosa County, Florida, against the Metropolitan Life Insurance Company ("MetLife"), for breach of contract and breach of fiduciary duty. The case was removed to this court on the basis of diversity jurisdiction on September 23, 2005. The Plaintiff filed a motion to remand the case to state court, which was granted on November 2, 2005. Plaintiff has now filed a motion for attorney's fees. (Doc. 13).

**I.**    **DISCUSSION**

    Title 28, United States Code, Section 1447( c) provides that when a district court orders a case remanded to state court, it may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The proper standard for awarding attorney's fees based on remand after removal is currently pending before the Supreme Court of the United States.  See Martin v. Franklin Capital Corp., 125 S. Ct. 1941, 161 L. Ed. 2d 772

(2005).  However, the law in the Eleventh Circuit is well settled that an award of fees should not be granted where the defendant's efforts to remove the case, though ultimately unsuccessful, were objectively reasonable. <u>Legg v. Wyeth</u>, ___ F.3d ____ (11th Cir. 2005).  <u>See also</u> <u>Grace v. Interstate Life and Accident Insurance</u>, 916 F. Supp. 1185, 1192 (M.D. Ala. 1996) (declining to award attorney's fees where removal jurisdiction was not "patently lacking").  This is the standard I have consistently applied for many years, and is the one that I feel represents both the intent of the statute and the accepted practice.

While MetLife was not able to establish by a preponderance of the evidence that the amount in controversy requirement was met in this case, its position was not objectively unreasonable.  In addition to the $26,648.20 in accrued long term disability benefits, Plaintiff is also seeking attorney's fees, and other relief, which could arguably exceed $75,000.  MetLife's motion cited several cases where the awards of attorney's fees alone had exceeded $75,000, and there was a reasonable argument to be made that the combination of these different forms of relief would satisfy the amount in controversy necessary to establish diversity jurisdiction. Ultimately, I found that MetLife's evidence was too speculative to meet its burden on the issue.  However, its position was not objectively unreasonable, and I decline to impose an award of attorney's fees under these circumstances.

## II.    CONCLUSION

For the above reasons, Plaintiff's Motion for Attorney's Fees (Doc. 13) is DENIED.

DONE AND ORDERED this 2nd day of December, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**